**SUMMONS IN A CIVIL ACTION** — **COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV19922513 | D1 CM | 39933899 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

| YOLANDA ANDOLSEK | **PLAINTIFF** |
|---|---|
| **VS** | |
| MUSTARD SEED HEALTH FOOD MARKET INC. | **DEFENDANT** |

## SUMMONS

MUSTARD SEED HEALTH FOOD MARKET INC.
(DBA MUSTARD SEED MARKET & CAFE)
S/A R&A AGENTS, INC.
222 S. MAIN STREET

AKRON OH 44308-0000

You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.

You are hereby summoned and required to answer
the complaint within 28 days after service of this
summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

Plaintiff's Attorney

DAVID N PATTERSON
POST OFFICE BOX 1423

WILLOUGHBY, OH 44096-0000

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

Case has been assigned to Judge:

SHIRLEY STRICKLAND SAFFOLD
Do not contact judge. Judge's name is given for
attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas



| DATE SENT |
|---|
| Oct 1, 2019 |

By_____
Deputy

COMPLAINT FILED   10/01/2019

CMSN130



FILED

2019 OCT -1 A 10: 24

CLERK OF COURTS
CUYAHOGA COUNTY



$ 350. DEPOSITED

OCT - 1 2019

SECURE COSTS
Cuyahoga County Clerk of Courts
Per _____ Deputy

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| YOLANDA ANDOLSEK,<br>29236 Eddy Road,<br>Willoughby Hills, Ohio 44092, | CASE NO.<br><br>JUDGE |
| Plaintiff, | |
| -vs- | **COMPLAINT FOR MONEY<br>AND OTHER RELIEF** |
| MUSTARD SEED HEALTH<br>FOOD MARKET, INC. (dba<br>Mustard Seed Market & Café),<br>s/a R&A Agents, Inc.,<br>222 S. Main Street,<br>Akron, Ohio 44308, | |
| Defendant. | [Jury Demand Endorsed Hereon] |

Complaint

SHIRLEY STRICKLAND
CV 19 922513

CV19922513                    110622314

CV19922513          110622314

Now comes Yolanda Andolsek, by and through undersigned counsel, and for her

Complaint against Defendant Mustard Seed Health Food Market, Inc. (dba Mustard

Seed Market & Café), states the following:


### PARTIES AND JURISDICTION

1.     Plaintiff Yolanda Andolsek (hereinafter referred to as the "Plaintiff") is a

resident of the City of Willoughby Hills, County of Lake, State of Ohio.

2.     At all relevant times, upon information and belief, Defendant Mustard

Seed Health Food Market, Inc., doing business as Mustard Seed Market & Café

(hereinafter referred to as the "Defendant") was and remains a domestic Ohio corporation for profit under the laws of the State of Ohio with its principal place of business located in the City of Akron, County of Summit, State of Ohio.

3.      The Defendant owns, operates, and maintains a retail/grocery store and/or establishment related to natural and organic products located at 6025 Kruse Drive, Solon, Ohio 44139 in the County of Cuyahoga, State of Ohio ("Store"), for and at which the Plaintiff was an employee.

4.      Under Ohio and federal law, rule, and regulations, the Defendant was obligated to honor and preserve employee protections, rights, interests, work rules, other employment contracts, agreements, policies, and/or otherwise.

5.      The subject matter of all relevant matters occurred, in whole or substantial part, within the City of Solon, County of Cuyahoga, State of Ohio; thus, the subject of this action occurred within this Court's jurisdiction.

6.      Venue in this Court is proper and authorized pursuant to and in accordance with Rule 3(B) and other applicable law, rules and regulations.

## **INTRODUCTORY FACTS**

7.      Plaintiff hereby realleges and reavers the allegations contained in Paragraphs 1 through 6, inclusive, of Plaintiff's Complaint, as if fully rewritten herein.

8.      The Plaintiff was a good, responsible, and dutiful employee of the Defendant beginning in or about 2016.

9.      The Plaintiff complied with any and all work-related rules, policies, codes, agreements, regulations, laws, and/or otherwise of the Defendant.

2

10. In or about 2016, the Plaintiff began her employment with the Defendant performing a wide variety of services for and at the Defendant's Store located at 6025 Kruse Drive, Solon, Ohio 44139; which maintains approximately thirty (30) worker at the dispute location.

11. On or about May 31, 2019, the Plaintiff filed a First Amended Charge Against Employer with the United States of America National Labor Relations Board, Case No. 08-CA-239069, against the Defendant

12. For approximately six (6) months prior to the filing of the First Amended Charge Against Employer continuing to said filing, the Defendant, through its officers, agents, employees, and/or representatives, intentionally, wrongfully, negligently, recklessly, willfully, wantonly, and/or otherwise tortiously interfered with, restrained, and coerced, the Plaintiff and other employees of the Store in exercising their rights of self-organization, to form, joint or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining and/or other mutual aid and/or protection.

13. For approximately six (6) months prior to the filing of the First Amended Charge Against Employer continuing to said filing, the Defendant, through its officers, agents, employees, and/or representatives, intentionally, wrongfully, negligently, recklessly, willfully, wantonly, and/or otherwise tortiously interfered with and restrained said rights of the Plaintiff and other employees of the Store.

14. The Employer violated the rights guaranteed in Section of the Act by promulgating and/or maintaining an overly-broad non solicitation rule related to electronic solicitation.

3

15.    On or about December 15, 2018, the Defendant, through its officers, agents, employees, and/or representatives including, but not limited to, Director of Culinary Services Karen Bender and/or Store Director Carl DaVita at the Store, coercively, unlawfully, and/or tortiously informed the Plaintiff not to engage in any negative talk relative to job duties, wages, hours, and other terms and conditions of employment.

16.    On or about December 28, 2018, the Defendant, through its officers, agents, employees, and/or representatives including, but not limited to, Director of Culinary Services Karen Bender and/or Store Director Carl DaVita at the Store, coercively, unlawfully, and/or tortiously informed the Plaintiff not to discuss other co-workers' jobs and/or work performances.

17.    On or about January 18, 2019, the Defendant, through its officers, agents, employees, and/or representatives including, but not limited to, Director of Culinary Services Karen Bender and/or Store Director Carl DaVita at the Store, coercively, unlawfully, and/or tortiously discriminated against the Plaintiff by issuing a written warning against her for having engaged in protected concerted activities and to discourage other employees from engaging in protected concerted activities.

18.    On or about January 18, 2019, the Defendant, through its officers, agents, employees, and/or representatives including, but not limited to, Director of Culinary Services Karen Bender and/or Store Director Carl DaVita at the Store, coercively, unlawfully, and/or tortiously discriminated against the Plaintiff by selectively and disparately enforcing its rule regarding disrupting co-workers (Rule 3.01(8)), by issuing

a written warning to the Plaintiff for having engaged in protected concerted activities and to discourage other employees from engaging in protected concerted activities.

19.     On or about January 18, 2019, the Defendant, through its officers, agents, employees, and/or representatives including, but not limited to, Director of Culinary Services Karen Bender and/or Store Director Carl DaVita at the Store, coercively, unlawfully, and/or tortiously disciplined the Plaintiff for engaging in protected concerted activities.

20.     On or about January 18, 2019, the Defendant, through its officers, agents, employees, and/or representatives including, but not limited to, Director of Culinary Services Karen Bender and/or Store Director Carl DaVita at the Store, coercively, unlawfully, and/or tortiously ordered the Plaintiff to bring job-related concerns or issues only to supervisors and/or supervision officers.

21.     On or about March 15, 2019, the Defendant, through its officers, agents, employees, and/or representatives including, but not limited to, Director of Culinary Services Karen Bender and/or Store Director Carl DaVita at the Store, coercively, unlawfully, and/or tortiously informed the Plaintiff not to discuss any matters with co-workers.

22.     The United States of America National Labor Relations Board in Case No. 08-CA-239069 determined that the Defendant did in fact engage in the aforementioned violations.

23.     The Defendant wrongfully discharged and terminated, whether directly and/or constructively, the employment of the Plaintiff without just cause or otherwise,

and the Plaintiff has exhausted any and all necessary administrative remedies, hearings, rights, and/or otherwise.

24. The Defendant, as the employer, forced the Plaintiff, as the employee, to sever the employment relationship involuntarily given the cumulative effect of the Defendant's actions, threats, coercions, and violations, which would make a reasonable person believe that termination was imminent.

25. Wrongful termination is prohibited by federal law as potential forms of discrimination in the workplace pursuant to Title VII of the Civil Rights Act of 1964, including but not limited to, 42 U.S.C. 2000e-2a. and other applicable laws, codes, policies, regulations, and guidelines; each applicable to the actions and inactions of the Defendant, as set forth herein.

26. The federal Equal Employment Opportunity Commission ("EEOC") has also issued authoritative guidelines on such pursuant to Title VII of the Civil Rights Act of 1964, and related subsequent laws, codes, policies, regulations, and guidelines; each applicable to the actions and inactions of the Defendant, as set forth herein.

## COUNT ONE

### Civil Rights Violations
### (Title VII and R.C. 4112)

27. Plaintiff hereby realleges and reavers the allegations contained in Paragraphs 1 through 26, inclusive, of Plaintiff's Complaint, as if fully rewritten herein.

28.     Based upon the foregoing, the Defendant breached its duties and limitations and violated the Plaintiff's rights set forth and protected in Title VII of the Civil Rights Act of 1964 ("Title VII") and Ohio Revised Code Chapter 4112 including, but not limited to Section 4112.02.

29.     The Plaintiff is a member of a protected class and, as a proximate and direct result of Defendant's acts, inactions, and/or omissions, the Plaintiff suffered adverse employment actions and/or inactions, including but not limited to retaliation, discrimination, wrongful termination/discharge, wrongful constructive termination/ discharge, preclusion for other gainful employment and income generation, and/or otherwise.

30.     The Plaintiff was qualified for the position that she held at the time of termination and was a dutiful employee in good standing.

31.     Similarly-situated employees outside the protected class or classes were treated more favorably and/or differently than the Plaintiff.

32.     The Defendant's discriminatory acts, inactions, and/or omissions created a hostile, disparate, and/or abusive work environment for the Plaintiff and ultimately led to her termination and/or discharge, in whole or in part.

33.     The discriminatory acts, inactions, and/or omissions were severe and/or pervasive altering the conditions of the Plaintiff's employment and/or ability to maintain gainful employment elsewhere.

34.     The Defendant further violated Ohio Revised Code Sections 4112.01 through 4112.07 discriminating against the Plaintiff.

7

35.     As a direct and proximate result thereof, the Plaintiff suffered injury to her psychological well-being, loss of employment and/or reputation, and the preclusion from gainful employment and advancing her career and employment.

36.     As a direct and proximate result of the conduct of Defendant, the Plaintiff has suffered lost wages and earning capacity, extreme nervousness, mental anguish, the inability to engage in recreational activities, and emotional distress; which continue to this day and into the foreseeable future.

37.     As a direct and proximate result of Defendant's conduct, the Plaintiff has suffered other incidental, consequential, and compensatory damages in an amount to be determined by the trier of fact, but in excess of Twenty-Five Thousand Dollars ($25,000.00).

38.     Based upon the foregoing, the Plaintiff is entitled to an award of punitive damages as the Defendant's aforementioned conduct and/or failures to act were malicious and/or characterized by hatred, ill will and/or a spirit of revenge and/or the Defendant had a conscious disregard for the rights and safety of the Plaintiff which had a great probability of causing substantial harm to her.

## COUNT TWO

### Wrongful Discharge and
### Violation of Public Policy

39.     Plaintiff hereby realleges and reavers the allegations contained in Paragraphs 1 through 38, inclusive, of Plaintiff's Complaint, as if fully rewritten herein.

40.     As set forth herein, the discharge and/or termination, whether directly and/or constructively, of the Plaintiff by the Defendant violated Ohio's public policy

8

against violating state and/or federal statutes, regulations, rules or otherwise and predicating the Plaintiff's discharge and/or post-employment obstacles.

41.    The Plaintiff was discharged and/or terminated, whether directly and/or constructively, in contravention of the clear public policies articulated by the Ohio or United States Constitution, federal or state laws, administrative rules and regulations, and/or common law, as set forth herein.

42.    The Plaintiff's dismissal, discharge, and/or termination were motivated by the improper conduct and/or reactions of Defendant, as set forth herein.

43.    The Defendant, as an employer, lacked any overriding legitimate business justification for the discipline, sanctioning, dismissal, discharge, and/or termination of the Plaintiff.

44.    The termination, discharge, discipline, sanctions, and/or dismissal in question violated the written, oral, and/or implied contracts, agreements, and understandings between the parties, Ohio law, rules, regulations, policies, and/or otherwise, public policy, and/or equity through the Constitutions of Ohio and the United States, administrative rules and regulations, the common law, and/or otherwise; which policies existed and were manifested therein.

45.    The actions, inactions, and/or omissions of the Defendant under circumstances set forth herein substantially and sufficiently jeopardize and violate all applicable public policies.

46.    The actions, inactions, and/or omissions of the Defendant were motivated by conduct directly and proximately related to the public policy.

47.    The Defendant, as the employer, lacked any overriding legitimate business justification for the termination, discharge, discipline, sanctions, and/or dismissal of the Plaintiff and/or her employment.

48.    As a direct and proximate result thereof, the Plaintiff suffered injury to her psychological well-being, loss of employment and/or reputation, and the preclusion from gainful employment and advancing her career and employment.

49.    As a direct and proximate result of the conduct of Defendant, the Plaintiff has suffered lost wages and earning capacity, extreme nervousness, mental anguish, the inability to engage in recreational activities, and emotional distress; which continue to this day and into the foreseeable future.

50.    As a direct and proximate result of Defendant's conduct, the Plaintiff has suffered other incidental, consequential, and compensatory damages in an amount to be determined by the trier of fact, but in excess of Twenty-Five Thousand Dollars ($25,000.00).

51.    Based upon the foregoing, the Plaintiff is entitled to an award of punitive damages as the Defendant's aforementioned conduct and/or failures to act were malicious and/or characterized by hatred, ill will and/or a spirit of revenge and/or the Defendant had a conscious disregard for the rights and safety of the Plaintiff which had a great probability of causing substantial harm to her.

## COUNT THREE

### Intentional Infliction of Emotional Distress

52.     Plaintiff hereby realleges and reavers the allegations contained in Paragraphs 1 through 51, inclusive, of Plaintiff's Complaint, as if fully rewritten herein.

53.     Based upon the foregoing, the Defendant, by extreme and outrageous conduct, intentionally, maliciously and/or recklessly caused severe emotional distress to the Plaintiff by the aforementioned acts, omissions, and other conduct and acts to be adduced at trial.

54.     The conduct of the Defendant constituted an intentional infliction of emotional distress and otherwise upon the Plaintiff.

55.     The conduct of the Defendant constituted an actionable and intentional infliction of emotional distress upon the Plaintiff.

56.     The Defendant intended to cause and/or recklessly caused emotional distress and/or knew or should have known that its actions and/or those of its employees, staff, officers, supervisors, representatives or others taken would result in serious emotional distress to the Plaintiff.

57.     The Defendant's conduct, through its employees, staff, officers, supervisors, representatives or others, was as extreme and outrageous as to go beyond all possible bounds of reason and decency and was such that it can be considered as utterly intolerable in a civilized community.

58.     The Plaintiff's damages were and remain serious and of a nature that no reasonable person could be expected to endure it.

11

59.     As a direct and proximate result thereof, the Plaintiff suffered injury to her psychological well-being, loss of employment and/or reputation, and the preclusion from gainful employment and advancing her career and employment.

60.     As a direct and proximate result of the conduct of Defendant, the Plaintiff has suffered lost wages and earning capacity, extreme nervousness, mental anguish, the inability to engage in recreational activities, and emotional distress; which continue to this day and into the foreseeable future.

61.     As a direct and proximate result of Defendant's conduct, the Plaintiff has suffered other incidental, consequential, and compensatory damages in an amount to be determined by the trier of fact, but in excess of Twenty-Five Thousand Dollars ($25,000.00).

62.     Based upon the foregoing, the Plaintiff is entitled to an award of punitive damages as the Defendant's aforementioned conduct and/or failures to act were malicious and/or characterized by hatred, ill will and/or a spirit of revenge and/or the Defendant had a conscious disregard for the rights and safety of the Plaintiff which had a great probability of causing substantial harm to her.

## COUNT FOUR

### Breach of Contract

63.     Plaintiff hereby realleges and reavers the allegations contained in Paragraphs 1 through 62, inclusive, of Plaintiff's Complaint, as if fully rewritten herein.

64.     Based upon the foregoing, the Defendant materially and substantially breached the verbal agreements, oral agreements, implied agreements, express

agreements, written agreements, quasi-contract, promissory estoppel, and/or any other agreement of the parties as set forth herein.

65. The Plaintiff complied and satisfied each and every condition, term, and agreement between the parties and as required by law, rule, code, regulation, and equity.

66. To date, the Plaintiff has made several efforts to resolve the matter with Defendant, exhausted all administrative, contractual, labor, and employment remedies, and reasonably mitigated the Plaintiff's damages to the best of her ability; however, to no avail.

67. Based upon the foregoing, the Defendant substantially and materially breached the terms, agreements, and conditions, conditions precedent and/or subsequent, and violated Ohio and federal laws, rules, regulations, equity, and otherwise.

68. As a direct and proximate result of the Defendant's substantial and material breaches, as set forth herein, the Plaintiff has suffered incidental, consequential, and compensatory damages, costs and expenses in an amount to be determined by the trier of fact, but in excess of Twenty-Five Thousand Dollars ($25,000.00).

## COUNT FIVE

### Defamation

69. Plaintiff hereby realleges and reavers the allegations contained in Paragraphs 1 through 68, inclusive, of Plaintiff's Complaint, as if fully rewritten herein.

13

70.    The statements and representations of the Defendant's employees, staff, officers, supervisors, representatives or others, whether directly, indirectly and/or by innuendo, were and remain false and untrue published to a third party or parties with the intent of damaging, *inter alia*, the Plaintiff's character and personal and/or business reputation.

71.    Based upon the foregoing, the Defendant presented and/or caused to be presented, on various occasions, false publications that have and continue to injure the Plaintiff's reputation, expose the Plaintiff to public hatred, contempt, ridicule, shame and/or disgrace and has adversely affected her personal life, registration status, trade, employability, social status, calling, and/or employment.

72.    The Defendant published and/or caused to be published, without the benefit of privilege, defamatory, *per se* and/or *per quod*, statements against and/or about the Plaintiff, which were not made in any regular or good faith course of preparing for or conducting business and/or employee relations.

73.    The Defendant published and/or caused the statements to be published with actual knowledge that the statements were false and/or with a reckless disregard of their probable falsity and/or with actual malice therefore; thereby committing slander, libel, and/or otherwise.

74.    Based upon information and belief, the Defendant's aforementioned representations, allegations, write-ups, and/or "disciplinary" proceedings were and are perjury, false, misleading, and/or incorrect.

75.    As a direct and proximate result thereof, the Plaintiff suffered injury to her psychological well-being, detraction from her job performance, loss of employment,

14

employability, and/or reputation, and the potential preclusion from advancing her career and/or otherwise.

76.     As a direct and proximate result of the conduct of the Defendant, the Plaintiff has suffered lost wages and earning capacity, extreme nervousness, mental anguish, the inability to engage in recreational activities, and emotional distress; which continue to this day and into the foreseeable future.

77.     As a direct and proximate result of the Defendant's conduct, the Plaintiff has suffered other incidental, consequential, and compensatory damages in an amount to be determined by the trier of fact, but in excess of Twenty-Five Thousand Dollars ($25,000.00).

78.     Based upon the foregoing, the Plaintiff is entitled to an award of punitive damages against the Defendant as the Defendant's aforementioned conduct and/or failures to act were malicious and/or characterized by hatred, ill will and/or a spirit of revenge and/or the Defendant had a conscious disregard for the rights and safety of the Plaintiff which had a great probability of causing substantial harm to her.

## COUNT SIX

### Negligence / Breach of Fiduciary Duties

79.     Plaintiff hereby realleges and reavers the allegations contained in Paragraphs 1 through 78, inclusive, of Plaintiff's Complaint, as if fully rewritten herein.

80.     The Defendant owed to the Plaintiff a duty of ordinary care, good faith, and otherwise and a fiduciary relationship existed between said parties as set forth herein and by law, rule, regulation, and/or equity.

15

81.    The Defendant was bound by fiduciary duties on behalf of and for the Defendant as created by contract, law, rule, equity, and/or regulation.

82.    A relationship existed between said parties herein in which a special confidence and trust was reposed upon the Defendant, resulting in a position of superiority or influence over the Plaintiff, acquired by virtue of this special trust.

83.    The Defendant substantially and materially breached the above-mentioned duties, terms, conditions, standards, policies, and otherwise.

84.    Based upon the foregoing, the Defendant was and remains negligent, by act and/or omission, by substantially and materially breaching said duties

85.    As a direct and proximate result hereof, the Plaintiff has suffered incidental, consequential, and compensatory damages, costs and expenses in an amount greater than Twenty-Five Thousand Dollars ($25,000.00), but to be determined by the trier of fact.

86.    The acts and/or omissions of the Defendant were and remain deliberate, intentional, knowing, willful, reckless, and/or malicious.

87.    Based upon the foregoing, the Plaintiff is entitled to an award of punitive damages against the Defendant, as the aforementioned conduct was malicious and/or characterized by hatred, ill will and/or a spirit of revenge and/or the Defendant had a conscious disregard for the rights and safety of the Plaintiff which had a great probability of causing, and in fact did cause, substantial harm to the Plaintiff.

88.    Based upon the foregoing, the Plaintiff seeks punitive damages in an amount calculated to deter and punish the Defendant from the aforementioned actions, misrepresentations and/or omissions and/or to deter others from the same conduct.

## COUNT SEVEN

### *Respondeat Superior*

89.　　Plaintiff hereby realleges and reavers the allegations contained in Paragraphs 1 through 88, inclusive, of Plaintiff's Complaint, as if fully rewritten herein.

90.　　Based upon information and belief, Director of Culinary Services Karen Bender and/or Store Director Carl DaVita at the Store and/or all other relevant officers, agents, employees, and/or representatives of the Defendant acted within the scope of his/her employment, position, authority and/or agency for the Defendant with the express permission, direction, training, directive, orders, and/or consent and for the benefit of the Defendant.

91.　　Under the doctrines of *respondeat superior* and/or vicarious liability, the Defendant is responsible, in whole or in part, for the acts and/or omissions of its agents, officers, servants, partners, shareholders, representatives, subcontractors, independent contractors, and/or employees, including, but not limited to Director of Culinary Services Karen Bender and/or Store Director Carl DaVita at the Store, as set forth herein.

**WHEREFORE**, Plaintiff Yolanda Andolsek demands judgment and relief against Defendant Mustard Seed Health Food Market, Inc. (dba Mustard Seed Market & Café), as follows:

1.　　As applicable on each count, compensatory, incidental, and consequential damages in an amount to be determined at trial which will fully, fairly and justly compensate Plaintiff for the aforementioned damages, expenses, and injuries, but in excess of Twenty-Five Thousand Dollars ($25,000.00);

2.     As applicable on each count, punitive damages in an amount to be determined at trial, but in excess of Twenty-Five Thousand Dollars ($25,000.00);

3.     Reasonable attorneys' fees, fines, and/or treble damages as mandated and/or permitted by statute, ordinance, regulation, or other applicable law or equitable principal of law; and

4.     Any and all other relief, which this Honorable Court deems just and equitable or to which the Plaintiff is entitled by law and/or by equity.

Respectfully submitted,

/s/ David N. Patterson, Esq.
DAVID N. PATTERSON, ESQ. (#0015280)
Attorney for Plaintiff
P.O. Box 1423
Willoughby, Ohio 44096
440.667.7500 (cellular)
216.219.8842
dp.business39@gmail.com

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all issues, claims, and defenses and of the maximum number of jurors, as permitted by law.

/s/ David N. Patterson, Esq.
DAVID N. PATTERSON, ESQ. (#0015280)
Attorney for Plaintiff

18



Common Pleas Court of Cuyahoga County, Ohio

## DESIGNATION FORM TO BE USED TO INDICATE THE CLASSIFICATION OF THE CAUSE

FILED

Yolanda Andolsek

**Plaintiff**

2019 OCT -1  A 10: 2

Vs.

Mustard Seed Market

**Defendant**

CLERK OF COURTS
CUYAHOGA COUNTY

Judge: SHIRLEY STRICKLAND SAFFOLI

CV 19 922513

| | |
|---|---|
| Has this case been previously filed and dismissed? Yes ☐ No ☒ | |
| Case #: _____ | Judge: _____ |
| Is this case related to any new cases now pending or previously filed? Yes ☐ No ☒ | |
| Case #: _____ | Judge: _____ |

### CIVIL CLASSIFICATIONS: *Place an (X) In ONE Classification Only.*

**Professional Torts:**
☐ 1311 Medical Malpractice
☐ 1315 Dental Malpractice
☐ 1316 Optometric Malpractice
☐ 1317 Chiropractic Malpractice
☐ 1312 Legal Malpractice
☐ 1313 Other Malpractice

**Product Liability:**
☐ 1330 Product Liability

**Other Torts:**
☐ 1310 Motor Vehicle Accident
☐ 1314 Consumer Action
☐ 1350 Misc. Tort

**Workers Compensation:**
☐ 1550 Workers Compensation
☐ 1531 Workers Comp. Asbestos

**Foreclosures:**
☐ Utilize Separate Foreclosure Designation Form

**Commercial Docket:**
☐ 1386 Commercial Docket
☐ 1387 Commercial Docket with Foreclosure

**Administrative Appeals:**
☐ 1540 Employment Services
☐ 1551 Other

**Other Civil:**
☐ 1500 Replevin/Attachment
☐ 1382 Business Contract
☐ 1384 Real Estate Contract
☐ 1388 Consumer Debt
☐ 1390 Cognovit
☒ 1391 Other Contacts
☐ 1490 Foreign Judgment
☐ 1491 Stalking Civil Protection Order
☐ 1501 Misc. Other
☐ 1502 Petition to Contest Adam Walsh Act
☐ 1503 Certificate of Qualification for Employment

| **Amount of Controversy:** | **Parties have previously attempted one of the following prior to filing:** |
|---|---|
| ☐ None Stated | ☒ Arbitration |
| ☐ Less than $25,000 | ☐ Early Neutral Evaluation |
| ☒ Prayer Amount $25,000.00 | ☐ Mediation |
| | ☐ None |

*I certify that to the best of my knowledge the within case is not related to any now pending or previously filed, expect as noted above.*

David N. Patterson (0015280)

**Firm Name (Print or type)**
David N. Patterson, Esq.

**Address**
PO Box 1423 Willoughby Ohio 44096

**Address**
440-667-7500

**Phone**

David N. Patterson (0015289)

**Attorney of Record (Print or Type)**
0015280

**Supreme Court #**
dp.business39@gmail.com

**Email Address**

*Signature*



**Common Pleas Court of Cuyahoga County, Ohio**
**Nailah K. Byrd, Clerk of Courts**

FILED **INSTRUCTIONS FOR SERVICE**

2019 OCT -1  A 10: 24

CLERK OF COURTS
CUYAHOGA COUNTY

Yolanda Andolsek
Plaintiff(s)

Judge:  SHIRLEY STRICKLAND SAFFOL

CV 19 922513

Judge: _____

Vs.
Mustard Seed Market
Defendants(s)

Date: 9-30-2019

Method of Service Requested:

Certified Mail Service ☑ Ordinary Mail Service ☐ Federal Express Service ☐

Personal Service by the Sheriff of _____ County ____

Residence Service by the Sheriff of _____ County ____

Personal Service By Process Server _____

Residence Service by Process Server _____

Name(s) and Address(es) of Parties to Serve:

MUSTARD SEED HEALTH FOOD MARKET, INC. (DBA MUSTARD SEED MARKET & CAFE)

S/A REGISTERED AGENTS, INC.

222 MAIN STREET

AKRON, OHIO 44308

Additional Instructions:

Filing Party Name: DAVID N. PATTERSON Supreme Court ID if applicable: 0015280

Phone Number: 4406677500

*For Use by Sheriff or Process Server Only*

Number of Service Attempts: _____

Address for Service if Different from address included above: _____